IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FLOYD CUMMINGS, )
)
Plaintiff, )
)
vs. ) Case No. 08-cv-0718-MJR-PMF
)
ESPN CLASSIC, INC., )
)
Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Via one-count complaint, Floyd a/k/a "Jumbo" Cummings, a former professional boxer, sues ESPN Classic for violating the Illinois Right of Publicity Act, **765 ILCS 1075/10,** *et seq.* ("the Act"). As noted in this Court's prior Order (Doc. 20), the Act safeguards an individual's right to control how his or her identity can be used "for commercial purposes." *Toney v. L'Oreal USA, Inc.*, **406 F.3d 905 (7th Cir. 2005); 765 ILCS 1075/10 and 1075/30.**

Cummings alleges that ESPN violated the Act in August or September 2007 by broadcasting a 1981 boxing match between Cummings and Joe Frazier without Cummings' permission, thereby exploiting his image, cheapening his name, and subjecting him to ridicule. Cummings further alleges that ESPN profited "from sponsors who advertised products on commercials aired during the broadcast" (Complaint, Doc. 2-3, p. 5). The complaint prays for fifty million dollars in damages plus costs.

This Court enjoys subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Fully briefed and ready for disposition is Defendant ESPN's October 10, 2008 motion to dismiss (Doc. 3). After obtaining several continuances, Plaintiff Cummings timely responded (Doc. 17), and ESPN has replied (Doc. 19). Analysis begins with the standards applicable to the pending motion, which ESPN filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) governs dismissal for failure to state a claim upon which relief can be granted. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In assessing a complaint under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Hecker v. Deer & Co.*, - F.3d -, 2009 WL 331285, *4 (7th Cir. Feb. 12, 2009). Accord *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park* District, 875 F.2d 609, 611 (7th Cir. 1989). Also, pro se complaints should be more liberally construed than those prepared by lawyers. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Having carefully examined Cummings' pro se complaint under these standards, the Court concludes that Rule 12(b)(6) dismissal is warranted.

Although federal complaints need only plead claims (not facts), *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), the pleading regime created by *Bell Atlantic* requires the complaint to allege a *plausible* theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008). *See also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008).

Stated another way, a plaintiff must "show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)("surviving a Rule 12(b)(6) motion requires more than labels and conclusions," the allegations must "raise a right to relief above the speculative level"). Liberally construed, Cummings' complaint fails this test.

The complaint does not allege a plausible theory of liability against ESPN for the following reason. Assuming the truth of Cummings' allegation that in August or September 2007 without Cummings' permission, ESPN broadcast the Cummings-Frazier fight,[1] that conduct does not violate the Act. More specifically, the actions alleged in

---

[1] ESPN maintains that it never re-broadcast the Cummings-Frazier fight (*see, e.g.,* Doc. 4, p. 1), but the Court must assume the truth of that well pled allegation for purposes of this Rule 12(b)(6) analysis. Cummings has presented an affidavit to counter the dismissal motion. The affidavit (signed by Llewillyn Johnson) attests that Johnson *saw* the fight in question on Channel 32 (ESPN Classic) in the last week of August 2007 or the first week of September 2007. This Court cannot consider the affidavit on a Rule 12(b)(6) motion, as it constitutes a matter "outside the pleadings." In any event, the Court *assumes as true* what Johnson's affidavit attempts to prove – that ESPN did, indeed, show the fight in 2007.

Cummings' complaint fall squarely within an exception to the Act.

765 ILCS 1075/35(b) lists five categories of use which do not constitute violations of the right of privacy. These exceptions were designed to keep the Act from running afoul of the First Amendment to the United States Constitution, which applies to states, like Illinois, via the Fourteenth Amendment and protects free speech in a variety of forms.

Specific to the case at bar, subsection 35(b)(2) of the Act exempts any claim based on the "use of an individual's identity for non-commercial purposes." The Act defines "commercial purpose" as the public use of an individual's identity (1) in connection with the sale of merchandise, goods, or services, (2) for the purpose of promoting products, goods, or services, or (3) for the purpose of fundraising. **765 ILCS 1075/5**. Thus, suit could be bought under the Act when a hair care company placed a model's picture on the package of a hair care product without permission, as this was public use of her identity in connection with the sale of merchandise. *See Toney v. L'Oreal*, 406 F.3d 905 (7th Cir. 2005).

But the Act expressly *exempts* the use of a person's identity for **non-commercial** purposes and then lists several examples of non-commercial purposes: "including any news, public affairs, or sports broadcast." 765 ILCS 1075/35(b)(2). Plainly, ESPN's 2007 showing of the Cummings-Frazier fight would qualify as a "sports broadcast" which the Act identifies as a type of non-commercial use.

So although the broadcasting of the fight may have caused Cummings to

suffer embarrassment, it did not constitute a violation of the right of privacy protected by the Illinois Right of Privacy Act. Stated simply, the actions allegedly taken by ESPN are not actionable under that Act.

The Court properly reaches this decision on the Rule 12(b)(6) motion before it. *See, e.g., Hecker*, - F.3d -, 2009 WL 331285, *12, *citing Tamayo*, 526 F.3d at 1086 (when a plaintiff includes in her complaint "facts that establish an impenetrable defense," the "defendant may use those facts to demonstrate that she is not entitled to relief," and Rule 12(b)(6) dismissal is appropriate).

Cummings' complaint against ESPN fails to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** ESPN's October 10, 2008 motion (Doc. 3) and **DISMISSES** this action with prejudice. Each party shall bear his or its own costs.

IT IS SO ORDERED.

DATED this 9th day of March 2009.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge