IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLOYD CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-cv-0718-MJR-PMF |
| | ) |
| ESPN CLASSIC, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM and ORDER

**REAGAN, District Judge:**

Former professional boxer Floyd Cummings sued ESPN in this Court. Cummings alleged that ESPN violated the Illinois Right of Publicity Act, **765 ILCS 1075/10,** *et seq.*, which safeguards an individual's right to control how his identity is used for commercial purposes.

Specifically, Cummings claimed that ESPN violated the Act in August or September 2007 by broadcasting a 1981 boxing match between Cummings and Joe Frazier without Cummings' permission, thereby exploiting his image, cheapening his name and subjecting him to ridicule, while profiting from sponsors who advertised products on commercials aired during the broadcast. The complaint prayed for fifty million dollars in damages plus costs.

In March 2009 the undersigned Judge dismissed the case on ESPN's motion filed under Federal Rule of Civil Procedure 12(b)(6). Judgment was entered accordingly. Cummings appealed. He voluntarily dismissed his appeal on August 4, 2009.

On August 12, 2009, Cummings moved this Court for relief from the March 2009 judgment. He asks this Court to grant relief under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6). Despite the fact that Cummings drafted his own complaint and chose the basis on which to found his lawsuit, he now states that his action did *not* arise under the Illinois Right of Publicity Act, that this Act had no applicability at all, and that his matter instead is "governed by Restatement (Second) of Torts," Section 652(c), which provides that the appropriation of one's name or likeness without consent constitutes a breach of privacy. Cummings asks this Court to vacate its judgment and apply "State Privacy Rights law to this instant controversy" (Doc. 40, p. 3).

Cummings' argument comes too late, and the Court cannot grant the requested relief. First, a litigant cannot wait until after a dismissal motion has been fully briefed, ruled on, and appealed to raise an alternative theory of liability or offer a potential ground to amend the complaint (which is essentially what Cummings does in his August 12th motion). Second, Rule 60 provides very narrow bases on which a District Court can act *after judgment has been entered,* and this case fits within none of them.

The principle is firmly established that "relief under Rule 60(b) is an extraordinary remedy." ***Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).** So, for instance, a judgment may be set aside under Rule 60(b)(2) if the movant presents newly discovered evidence that could not have been presented previously ("in time to move for a new trial under Rule 59(b)"). **FED. R. CIV. P. 60(b)(2). S*ee also Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008).**

2

If an argument or evidence could have been proffered earlier, it is not "new" and cannot support relief under Rule 60(b). Clearly, a movant cannot use Rule 60(b) to rehash previously rejected arguments or to raise grounds which could have been argued to the District Court earlier *or* presented in an appeal from the underlying judgment. *See, e.g, Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Cummings cites Rule 60(b)(4), which permits relief from void judgments, and 60(b)(6), the catchall subsection encompassing "any other reason that justifies relief" from a judgment. But the March 2009 judgment is not void, and Cummings has presented no argument or evidence that warrants vacating it. Cummings is displeased with the result and would like another chance at his lawsuit, but he has not demonstrated extraordinary circumstances which justify relief under Rule 60(b).[1] Accordingly, the Court DENIES Cummings' motion for relief from judgment (Doc. 40).

IT IS SO ORDERED.

DATED this 14th day of August 2009.

                                        s/ *Michael J. Reagan*
                                        MICHAEL J. REAGAN
                                        United States District Judge

---

[1] The motion was filed too late to qualify as a Rule 59(e) motion, but Cummings would fare no better even if the motion were timely thereunder, since he has not identified any manifest error of law or newly discovered evidence. *See, e.g., Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).